ROBERTS *v.* FIRST NATIONAL BANK OF YALE.    | 149   507 |
| 152   523 |

1. TRIAL—DIRECTION OF VERDICT—PROPRIETY.

Where, after a ruling that there is no basis for the damages claimed by the first two counts of a declaration, plaintiff abandons the remaining count, the ruling disposes of the case and a verdict for defendant is properly directed.

2. PRINCIPAL AND SURETY—RIGHTS OF SURETY—ACTION AGAINST CREDITOR—DECLARATION.

In an action by the indorser against the indorsee of a promissory note, a declaration alleging in the first count that defendant allowed a chattel mortgage securing the note to lapse, and in enforcing its judgment against plaintiff upon the note caused him great damage by levy upon his lands, and in the second count that defendant represented to plaintiff that the note had been paid, inducing plaintiff to give no further attention to the mortgage security but to allow it to lapse, resulting likewise in damage from defendant's levy, sets out no cause of action based on the duty of the defendant to enforce the mortgage security for plaintiff's benefit.

3. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DILIGENCE—SURPRISE—SUFFICIENCY OF SHOWING.

A motion for a new trial on the ground of newly-discovered evidence showed that plaintiff made unsuccessful inquiries to discover the desired evidence and that he was misled concerning the testimony which one witness would give, in that upon close inquiry it was found he knew the facts only from hearsay. The witness was not sworn, the inference being that his want of knowledge was discovered before or during the trial. *Held*, that though the showing of diligence might have influenced the court to grant a continuance, and the showing of surprise might have secured an order permitting a voluntary nonsuit with leave to set the same aside, neither showing appeals to a court of review on an application to reverse an order denying a new trial.

Error to Sanilac; Beach, J.   Submitted June 18, 1907. (Docket No. 61.)   Decided September 20, 1907.

Case by William Roberts against the First National

Bank of Yale for fraud. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

It is the claim of the plaintiff that, being himself the owner of a certain note, made by Robert S. Hesson and Susie E. Hesson, his wife, payment of which was secured by a chattel mortgage on household and other goods, he sold the note to the defendant through its agent, W. W. Lord, and at Lord's suggestion that the bank form of note was desired, procured the makers to make a new note upon such a form, corresponding in all respects to the old note except that defendant was named as payee therein. The note, produced in evidence, is dated December 31, 1901, due in one year, with interest at 7 per cent. It contains no reference to a chattel mortgage. It is indorsed by plaintiff and by Lord. The makers of the note also executed a new chattel mortgage, running to B. R. Noble, who was president of defendant bank. The note was paid for by Lord's check on the defendant bank. The chattel mortgage was filed in the office of the clerk of the township of the makers' residence by plaintiff. Plaintiff was sued upon this note by the defendant and he paid, after levy had been made upon his real estate, the judgment which was rendered against him thereon.

Plaintiff's declaration contains two counts. A third count was abandoned at the trial. The averments in the first count present the theory that upon receiving the said note, indorsed by plaintiff, it became the duty of defendant to preserve and later to exhaust the chattel-mortgage security before enforcing the liability of the indorser. It is charged that defendant negligently and carelessly permitted the mortgage security to lapse and be lost, and in enforcing its said judgment against the plaintiff by levy upon his lands—

"Plaintiff lost the sale of certain and divers village lots and other parcels of his said lands, and thereby the said

plaintiff was deprived of and lost certain large gains and profits, which he, the said plaintiff, would otherwise have had, * * * and thereby the said plaintiff was greatly damaged in his property and estate, to wit, in the sum of three hundred dollars."

In the second count, it is charged that defendant falsely and fraudulently represented to the plaintiff that the note had been paid by the makers and, relying upon said statement, plaintiff was induced to give no further attention to the payment of the note and allowed the chattel mortgage to lapse and become worthless, after which defendant brought suit on the said note, obtained judgment, took a transcript judgment, levied execution on plaintiff's lands, and required plaintiff to pay the said judgment with costs in order to relieve his lands of the levy; that by reason of the recording of the levy plaintiff lost the sale of certain lands and gains and profits which otherwise he would have made and was "wronged and damaged in his property and estate in a large sum, to wit, the sum of $300."

A verdict for defendant was directed by the court and a motion for a new trial was denied.

*H. O. Babcock* and *W. H. Burgess,* for appellant.

*C. F. Gates,* for appellee.

OSTRANDER, J. (*after stating the facts*). The testimony introduced on the part of plaintiff tended to prove that Lord was agent for defendant and acted in that capacity in buying the note; that plaintiff was sued as indorser of the note, by defendant, a judgment recovered, a transcript judgment entered and levy made; that he paid to the sheriff the amount of the judgment and costs. There was no testimony tending to prove the value of the mortgaged property or the disposition made of it. The defendant bank claimed, and testimony offered in its behalf tended to prove, that it never had knowledge of the chattel mortgage and was not chargeable with the knowl-

edge possessed by Lord because Lord was not its agent in purchasing the note; that it bought the note of Lord in the regular course of business with notice of no facts affecting it except such as were disclosed by the note itself. As to the claim of damage resulting from the levy, the court said:

"I think I will dispose of that phase of damages. * * * As a matter of damage the plaintiff could have relieved himself of it at any time, and this matter sued on in this case was available as a defense in the original case. There is no basis for damages."

To this ruling, an exception was taken and upon the exception error is assigned. The subject is not referred to in the brief. After this ruling had been made, counsel for plaintiff abandoned the last count of the declaration, which was in trover for conversion of the mortgaged property. Therefore, the ruling disposed of the case which plaintiff made and it was repeated, and properly so, in directing a verdict. If it is assumed that it was the duty of defendant either to preserve or to enforce for the sureties on the note the security which it held for payment of the note, that if it did neither it is liable to plaintiff, the surety who, after judgment, paid the debt, for the value of such security, and that it is open to plaintiff in a suit brought by him against defendant to assert such liability, the first two counts of the declaration set out no such cause of action.

The reasons asserted as grounds for a new trial were that since the trial the plaintiff had discovered new evidence "which will lead to a different result in said cause," and, surprise at the testimony given by a certain witness. The evidence said to be newly discovered relates to the value of the mortgaged property, to the disposal of it by the mortgagors, and to the agency of Lord. A new trial was refused because the evidence was obtainable for the trial, by diligence, and because upon the whole of the evidence the case was a doubtful one at law. Upon the subject of diligence, it is said in the brief that plaintiff, as

his affidavit shows, made three trips and many inquiries to discover evidence of the value and disposition of the mortgaged property, and could not obtain it; that he was misled concerning the testimony which one of his witnesses would give. It is also said that upon close inquiry of this witness it was found that he did not know the alleged facts except from hearsay. It does not appear that this witness was sworn, the inference being that his want of knowledge was discovered before the trial began or during the trial. The trial was begun January 16, 1906. Early in March of the same year, the affidavits relied upon were procured. The showing of diligence now made might have influenced the court to grant a continuance, if one had been asked for, and the showing of surprise might have secured an order permitting a voluntary nonsuit with leave to set the same aside, but neither showing appeals to a court of review on an application to reverse an order refusing a new trial.

The judgment is affirmed.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.